BROOKS *v.* STATE.

In Banc. Jan. 7, 1952.

No. 37966 (56 So. (2d) 9)

(1)

4

**G. L. Martin,** for petition.

## McGehee, C. J.

On May 14, 1951, this Court, Miss., 52 So. (2d) 616, affirmed the conviction of E. J. Brooks and his sentence to serve a term of four years in the state penitentiary for the crime of robbery with firearms. In due time he filed a suggestion of error which was overruled on July 9, 1951. Thereupon, an appeal was taken to the Supreme Court of the United States, during the pendency of which the appellant was allowed bail. That Court dismissed the appeal, 72 S. Ct. 114, 342 U. S. 863, 96 L. Ed. —, on November 5, 1951. Thereafter, on December 11, 1951, the mandate from the Supreme Court of the United States was received and filed by the Clerk of the Court here. On December 17, 1951, the said Brooks filed with the Clerk of this Court what is styled as a ''Petition for Stay of Mandate'' which is wholly unknown to the procedure in this Court after the overruling of a suggestion of error in a criminal case, or after receipt by this Court of the mandate from the Supreme Court of the United States when that Court has declined to disturb the final judgment of this Court.

On December 18, 1951, an ''Amended Petition for Stay of Mandate'' was filed in this Court, wherein we are asked to consider a certain ex parte affidavit made by two witnesses who identified Brooks in their testimony at the trial as one of the participants in the robbery, and in which amended petition we are now asked again to reverse the case and give the petitioner a new trial—a procedure wholly unauthorized in any criminal case in

this Court after the same has been affirmed and a suggestion of error has been overruled. This is true without regard to what other remedy, if any, the petitioner may be entitled to for relief.

Section 1990, Code of 1942, provides, among other things, that "Every final judgment or decree rendered in any cause by the Supreme Court shall be certified by the clerk thereof to the clerk of the court from which the cause was brought, or to which it is remanded, within twenty days after the rendition of the judgment, * * *''. Therefore the motion or "Petition for Stay of Mandate" and the "Amended Petition for Stay of Mandate" are hereby overruled; and it appearing that the appellant obtained bail pending his appeals, and is now at large on bail, it becomes the duty of this Court to "fix the time for the commencement of his imprisonment, under the judgment of affirmance, so as to cause him to suffer the full time of imprisonment fixed by the judgment of the court below.", as provided by Section 1978, Code of 1942, the said Brooks to be credited thereon with such time as he may have been confined in prison pending his appeal to this Court and prior to the perfection of his appeal to the Supreme Court of the United States after the affirmance of his conviction by us on May 14, 1951. To that end and subject to the above mentioned qualifications, the time for the commencement of his imprisonment, under the judgment of affirmance, is hereby fixed as of the day when he shall be taken into custody for transportation to the state penitentiary. It is so ordered, and the motion or petition to further withhold the mandate of this Court is hereby overruled, as an unauthorized and unknown method of obtaining relief in the premises.